IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHEVON THOMPSON,                                          PLAINTIFF
Individually and on Behalf of all Others
Similarly Situated

vs.                              No. 6:17-cv-6055

SPA CITY STEAKS, INC., d/b/a
COLTON'S STEAK HOUSE AND GRILL                            DEFENDANT

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiff Chevon Thompson ("Plaintiff"), by and through her attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Spa City Steaks, Inc., d/b/a Colton's Steak House and Grill ("Defendant"), do hereby state and allege as follows:

### I.   INTRODUCTION

1. This is a class action for wages owed. Defendant owns and/or operates a Colton's Steak House and Grill restaurant in Garland County, located at 120 Crawford Street, Hot Springs, Arkansas 71913 ("Colton's Steak House").

2. Plaintiff was a server at Colton's Steak House. She was paid $2.63 per hour plus tips. Defendant, however, did not let Plaintiff keep all of the tips she received. Rather, when Plaintiff was hired, she was told that part of her tips would be collected by management as a part of a tip-pooling arrangement. The tips collected were distributed to other Colton's Steak House employees such as chefs and dishwashers. Because

Defendant did not operate a valid tip pool, it was required to pay Plaintiff and its other servers at least $7.25 per hour.

3. Plaintiff and other servers spent more than 20% of their time performing non-tipped duties for Defendant such as taking phone and drive-thru orders, preparing food and folding boxes. Because Plaintiff and other servers spent more than 20% of their time performing non-tipped duties for Defendant, Defendant was required to pay Plaintiff and its other servers at least $7.50 per hour.

4. Defendant's policies violate the Arkansas Minimum Wage Act ("AMWA") and the Fair Labor Standards Act ("FLSA") because Plaintiff and others similarly situated are not compensated at a minimum of $7.50 per hour. Plaintiff brings this suit individually and on behalf of all other servers employed by Defendant.

## II.    JURISDICTION AND VENUE

5. This is an action brought by Plaintiff on behalf of herself and all others similarly situated against Defendant for violations of the FLSA, 29 U.S.C. § 201 *et seq*. and the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

6. Plaintiff and all those similarly situated seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay minimum wages under the FLSA and the AMWA.

7. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

9. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

11. Plaintiff is a citizen and resident of Garland County, Arkansas.

12. Plaintiff worked for Defendant as a server from approximately October of 2015 through March of 2017.

13. Plaintiff, as an employee of Defendant, is or was engaged in commerce or in the production of goods for commerce.

14. Defendant is an Arkansas for-profit corporation that owns and operates a restaurant in Garland County.

15. Defendant's registered agent for service of process is James Manning, who may be served at 349 Valley Club Circle, Little Rock, Arkansas 72212.

16. Defendant's annualized gross volume of sales made or business done is not less than $500,000.00.

17. Defendant employs individuals who engage in interstate commerce or

business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

18. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

### IV.   FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

20. Plaintiff was employed by Defendants as a server at Colton's Steak House during the time period relevant to this lawsuit.

21. Plaintiff and those similarly situated work(ed) as hourly, non-exempt servers at Colton's Steak House.

22. Defendant pays its servers less than the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

23. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

24. Defendant does not allow its servers to keep all of the tips they receive. Instead, Defendant requires its servers to contribute a portion of their tips to a tip pool as a condition of employment.

25. Defendant shares the servers' tips with kitchen employees who "do not customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

26. Some of the employees who were provided funds from the tip pool are not employees who customarily and regularly receive tips. As a result, Defendant's tip pool did not satisfy the requirements of the FLSA, and Defendant is not eligible to take the tip credit.

27. As servers, Plaintiff and those similarly situated performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as training new employees ("non-tipped work").

28. Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

29. When Plaintiff and other servers are assigned a trainee, non-tipped duties occupy more than twenty percent of their time.

30. Defendant paid Plaintiff and those similarly situated the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

31. As a result of the policies put in place by Defendant, Plaintiff and those similarly situated were often required to perform non-tipped work for less than minimum wage.

32. Plaintiff and all those similarly situated are entitled to the return of their tips and wages and compensation based on the standard minimum wage for all hours worked.

## V. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

35. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA pursuant to 29 U.S.C §§ 207 and 216(b), specifically as follows:

> **All persons whom Defendant classified as tipped employees at any time within the three years prior to the filing of Plaintiff's Original Complaint.**

36. The members of the collective action class are similarly situated in that they worked at the same location, were similarly classified as tipped employees by Defendant, and were subject to the universal tip-pooling policy that is the subject of this lawsuit.

37. At all relevant times, Defendant directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

38. At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

39. Plaintiff and the putative Class have suffered, and will continue to suffer, irreparable damage from Defendant's illegal policy, practice, and custom regarding pay for servers.

40. Defendant has engaged in continuing violations of the AMWA and the FLSA.

41. Plaintiff and all other similarly-situated employees were denied their tips and wages as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

42. Defendant's actions in denying tips and wages to Plaintiff and all other similarly-situated employees were intentional and constitute a willful violation of the FLSA.

## VI. FIRST CLAIM FOR RELIEF

**(Collective Action Claim for Violation of the Fair Labor Standards Act)**

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

44. This is a collective action filed on behalf of all non-exempt servers who were subject to an illegal tip-pooling arrangement under the FLSA and were required to spend more than 20% of their time on non-tipped duties.

45. At all relevant times, Plaintiff and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

46. At all relevant times, Plaintiff and all similarly-situated employees have been "employees" of Defendant's, as defined by 29 U.S.C. § 203(e).

47. At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

48. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

49. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

50. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

51. Defendant failed to pay Plaintiff and all similarly-situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

52. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff and other similarly-situated employees for all hours worked at the standard minimum wage under the FLSA because it retained their tips in furtherance of an invalid tip-pooling arrangement.

53. Defendant violated and continues to violate the FLSA by withholding Plaintiff's and all other similarly-situated employees' tips in furtherance of an invalid tip-pooling arrangement.

54. Defendant willfully violated and continues to violate the FLSA by withholding Plaintiff's and all other similarly situated employees' tips and wages in furtherance of an invalid tip-pooling arrangement.

55. Defendant's violations entitle Plaintiff and all other similarly-situated employees to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received.

56. Defendant's violations entitle Plaintiff and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

57. Plaintiff and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF

**(Individual Claims for Violation of the Fair Labor Standards Act)**

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

59. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

60. At all relevant times, Plaintiff has been an "employee" of Defendant's as defined by 29 U.S.C. § 203(e).

61. At all relevant time, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

62. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. §203(m).

63. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

64. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit toward its minimum wage obligations.

65. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because it retained their tips in furtherance of an invalid tip-pooling arrangement.

66. Defendant violated and continues to violate the FLSA by withholding Plaintiff's tips in furtherance of an invalid tip-pooling arrangement.

67. Defendant failed to pay Plaintiff the minimum wages required under the FLSA for tipped work and for non-tipped work.

68. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received and a return of the tips withheld.

69. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

70. Plaintiff is entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. THIRD CLAIM FOR RELIEF

**(Individual Claims for Violation of AMWA Minimum Wage Provisions)**

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

72. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

73. At all relevant times, Plaintiff has been an "employee" of Defendant's, as defined by Ark. Code Ann. § 11-4-203(3).

74. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

75. Defendant has failed and refused to comply with the AMWA wage requirements by failing to allow Plaintiff to keep her tips to offset the gratuity allowance permitted by Ark. Code Ann. § 11-14-212.

76. Defendant took advantage of the gratuity allowance permitted by Ark. Code Ann. §11-14-212, but also required Plaintiff to give a portion of her tips to non-tipped kitchen workers, thus preventing Plaintiff from receiving minimum wage as required by Ark. Code Ann. § 11-14-210.

77. Defendant failed to pay Plaintiff the minimum wages required under the AMWA for tipped work and for non-tipped work.

78. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

79. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

80. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

81. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chevon Thompson, both individually and on behalf of all members of the putative class respectfully request this Court grant the following relief:

(a) Summon Defendant to appear and answer herein;

(b) Declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

(c) Certification of classes pursuant to the FLSA and the Federal Rules of Civil Procedure, with all attendant notices to class members, and proper procedures, all as set forth above and as to be explained more fully by motion practice;

(d) Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff and putative class members are entitled;

(e) Award Plaintiff and putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage and a return of all tips owed them from a period of three (3) years prior to this lawsuit through the date of trial;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(h) An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

(i) All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**CHEVON THOMPSON,
Both Individually and on
Behalf of all Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com