IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHEVON THOMPSON,
Individually and on Behalf of all Others
Similarly Situated                                                 PLAINTIFF

v.                      Case No. 6:17-cv-6055

SPA CITY STEAKS, INC. d/b/a
COLTON'S STEAKHOUSE AND GRILL                         DEFENDANT

**ORDER**

Before the Court is Defendant's Motion for Reconsideration. (ECF No. 55). Plaintiff has not responded to the motion and the time to do so has passed.[1] The Court finds this matter ripe for consideration.

**BACKGROUND**

On June 30, 2017, Plaintiff—a former server at a Colton's Steak House and Grill restaurant in Hot Springs, Arkansas—filed a collective action complaint, individually and on behalf of all others similarly situated. In the Complaint, Plaintiff alleges that Defendant operated an unlawful tip-pooling arrangement and failed to pay her at least the minimum wage for hours she worked performing non-tipped duties, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq*. ECF No. 1. On August 8, 2017, Plaintiff Thompson moved for conditional certification of her FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 9). The Court granted conditional certification of the collective action on November 7, 2017, authorizing distribution of notice of

---

[1] *See* Local Rule 7.2.

this litigation to other potential members of the collective action. (ECF No. 19). The notice informed potential plaintiffs that they "may be required to provide information, sit for depositions, and testify in court." (ECF No. 9-1). Sixteen individuals have filed consents to join as additional opt-in plaintiffs. *See* (ECF Nos. 20, 22-31).

Defendant noticed all fifteen available opt-in plaintiffs to appear for depositions.[2] However, only six opt-in plaintiffs appeared and were deposed. On May 25, 2018, Defendant filed its Motion to Dismiss Party (ECF No. 38), arguing that the Court should dismiss the ten opt-in plaintiffs who failed to appear for properly noticed depositions.

On June 18, 2018, the Court entered an order (ECF No. 54) denying Defendant's motion because Defendant failed to comply with Federal Rule of Civil Procedure 30(a)(2). On June 26, 2018, Defendant filed the instant Motion for Reconsideration (ECF No. 55), arguing that the Court should reconsider its order to correct manifest errors of fact.[3] Specifically, Defendant argues that the Court failed to consider that the parties had stipulated to depose nine opt-in plaintiffs.

## DISCUSSION

The Federal Rules of Civil Procedure do not account for "motions to reconsider." However, the Eighth Circuit instructs that "motions to reconsider are 'nothing more than Rule 60(b) motion[s] when directed at non-final orders.'" *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006)). Defendant made its motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e), which allows for altering or amending judgments. However, the instant motion is directed at a non-final order. *See* (ECF No. 54). Thus, the Court will consider Defendant's motion to reconsider as it

---

[2] One opt-in plaintiff was incarcerated when Defendant was conducting discovery.
[3] A more detailed factual background can be found in the Court's order denying Defendant's Motion to Dismiss Party. (ECF No. 38).

2

would a Rule 60(b) motion.

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case, and it should not be used as a substitute for a timely appeal. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *Nichols v. United States*, No. 4:00-cr-00022-003-WRW, 2006 WL 3420303 (E.D. Ark. Nov. 28, 2006). A motion brought under any provision of Rule 60(b) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes "a reasonable time" depends on the circumstances surrounding the motion. *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004).

As stated above, Defendant seeks reconsideration of the Court's order denying its Motion to Dismiss Party. (ECF No. 38). The Court denied Defendant's Motion to Dismiss Party (ECF No. 38) because it found that Defendant failed to comply with Federal Rule of Civil Procedure 30(a)(2). Rule 30(a)(2) requires that, absent a stipulation between the parties, a party must obtain leave of court prior to commencing any depositions in excess of the ten-deposition limit. Fed. R. Civ. P. 30(a)(2). The parties did not stipulate to taking more than ten depositions, and Defendant failed to obtain leave to take more than ten depositions. However, Defendant noticed and attempted to depose all fifteen available opt-in plaintiffs.

Defendant argues that the Court should reconsider its ruling to rectify a manifest error of fact. Specifically, Defendant argues that the parties stipulated to depose nine opt-in plaintiffs. Defendant was able to depose six opt-in plaintiffs. Three additional opt-in plaintiffs contacted

Defendant and scheduled depositions but failed to appear.  Defendant argues that these three no-show, opt-in plaintiffs should be dismissed as parties from this action.

The Court finds that Defendant has not demonstrated sufficient cause to warrant reconsideration.  In its Motion to Dismiss Party (ECF No. 38), Defendant moved to dismiss all ten of the opt-in plaintiffs who failed to appear for depositions.  Now, for the first time, Defendant argues that the Court should dismiss just the three opt-in plaintiffs who scheduled depositions but failed to appear.  A motion to reconsider is not a vehicle to argue points that could have originally been put before the Court.  *See Fox*, 620 F.2d at 180 (8th Cir. 1980) (holding a motion to reconsider is not an opportunity to re-argue one's case).  Moreover, although the parties stipulated to deposing nine opt-in plaintiffs, Defendant still violated Rule 30(a)(2) when it noticed and attempted to depose fifteen opt-in plaintiffs.  Therefore, the Court declines to reconsider its previous ruling denying Defendant's Motion to Dismiss Party.  (ECF No. 38).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Reconsideration (ECF No. 55) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 29th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge