IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHEVON THOMPSON,
Individually and Behalf of all Others
Similarly Situated                                                              PLAINTIFF


v.                                  Case No. 6:17-cv-6055


SPA CITY STEAKS, INC. d/b/a
COLTON'S STEAKHOUSE AND GRILL                                                   DEFENDANT

# ORDER

Before the Court is the parties' Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement. (ECF No. 80). The Court finds the matter ripe for consideration. For the reasons discussed below, the Court finds that the instant motion should be granted.

On June 30, 2017, Plaintiff Chevon Thompson filed this suit individually and behalf of all others similarly situated, alleging that Defendant willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. §11-4-201, et seq., by failing to pay her minimum wage and overtime compensation as required by the FLSA and AMWA. On November 17, 2017, the Court entered an order granting conditional collective-action certification related to Plaintiff's claims of unpaid minimum wage and overtime against Defendant, under section 216(b) of the FLSA, and approving notice to be sent to putative collective-action members. Notice was sent to all putative collective-action members and seventeen individuals filed written consent notices to opt into this action.[1]

On October 22, 2019, the parties reached a settlement, as captured in a proposed Settlement

---

[1] For convenience, the Court collectively refers to the named Plaintiff Chevon Thompson and the opt-in collective action members as "Plaintiffs."

Agreement and Release of Claims attached to the instant motion. (ECF No. 80-1). The parties believe that the settlement agreement requires the Court's approval because it involves FLSA claims. Accordingly, the parties filed the instant motion, asking the Court to approve their settlement and dismiss this case.

The parties' settlement agreement proposes to resolve the FLSA claims of a conditionally certified collective action. The Court notes that "[t]he law is unclear in the Eighth Circuit as to whether judicial approval of a proposed private release of FLSA claims is in all cases required before dismissal." *Jordan v. RHD, Jr., Inc.*, No. 2:16-cv-2227-PKH, 2017 WL 3499938, at *1 (W.D. Ark. July 24, 2017); *see also Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1127 (D. Minn. 2017) (questioning whether judicial approval of a proposed FLSA settlement is necessary in the absence of a final certified collective action). However, wage claims under the FLSA can only be waived in two ways: (1) the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them; and (2) when, as in this case, an employee brings a private action for back wages under the FLSA, a court may enter a stipulated judgment after scrutinizing the settlement for fairness.[2] 29 U.S.C. § 216(c); *Beauford v. ActionLink, LLC*, 781 F.3d 396, 405 (8th Cir. 2015); *see also Cruthis v. Vision's*, No. 4:12-cv-0244-KGB, 2014 WL 4092325, at *1 (E.D. Ark. Aug. 19, 2014) ("Settlement agreements resolving FLSA claims typically are subject to court approval.").

"Before approving an FLSA settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Younger v. Ctrs. for Youth & Families, Inc.*, No.

---

[2] The Court notes that the parties do not propose a stipulated judgment. However, this is not fatal to the instant motion because "the requirement of a stipulated judgment may be satisfied by an unopposed filing that allows the Court to take an active role in approving the settlement agreement between the parties, and the instant joint motion to dismiss is sufficient." *Melgar v. OK Foods*, No. 2:13-cv-2169-PKH, 2017 WL 758296, at *1 (W.D. Ark. Feb. 27, 2017).

2

4:16-cv-0170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017). A review of the pleadings in this case shows that a bona fide dispute exists as to whether Plaintiffs were entitled to minimum wage and overtime pay pursuant to the FLSA, and if so, the amount of unpaid wages Plaintiffs are entitled to; as to whether Defendant willfully violated the FLSA; and as to the number of and accuracy of hours purportedly worked by each Plaintiff. Because a bona fide dispute exists, the Court must now scrutinize the settlement for fairness.[3]

It does not appear that the Eighth Circuit has directly addressed the factors for use in deciding whether to approve FLSA settlements. *Id.* As a result, Arkansas federal courts have utilized at least two different standards for scrutinizing FLSA settlements. *Compare id.* (approving FLSA settlement after considering whether the settlement is fair and reasonable to the employee and whether the settlement otherwise impermissibly frustrates implementation of the FLSA), *with Jordan*, 2017 WL 3499938, at *1 (approving FLSA settlement after considering the totality of the circumstances, including several express factors). Although the analysis under these different approaches likely contains some overlap, in the absence of a binding standard for scrutinizing FLSA settlements, the Court joins with other courts in the Western District of Arkansas by utilizing a totality-of-the-circumstances approach. In doing so, the Court will determine whether the parties' settlement is fair and reasonable under the FLSA by scrutinizing the totality of the circumstances, considering factors such as: (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of success on the merits; (4) any "overreaching" by the employer in settlement negotiations; and (5) whether the settlement was the product of arms' length negotiations between the parties, based on the merits of the case.

---

[3] In so doing, the Court will not review the parties' settled attorneys' fees because the "[statutory] authority for judicial approval of FLSA settlements . . . does not extend to review of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

*See Jordan*, 2017 WL 3499938, at *1.

The parties' settlement agreement sets out the amount due to each Plaintiff for unpaid wages. The parties have also agreed on the amount of attorneys' fees and costs that Defendant will pay Plaintiffs' counsel under the settlement. The parties have further agreed that Plaintiffs will voluntarily waive all claims for compensation against Defendant, including FLSA claims.

In reviewing the above-listed factors in relation to the joint motion and the settlement agreement, the Court finds that, at this late stage in the litigation, the parties have engaged in extensive document and deposition discovery. The parties have also engaged in several discovery disputes. Thus, the Court is satisfied that the parties' settlement is informed by substantive discovery.

The parties represent that the amount to be paid to each Plaintiff under the settlement is reasonable given the inherent risks, costs, and uncertainties of further litigation and the likelihood of an appeal. Upon review of the instant motion and its accompanying exhibit, the Court is satisfied that Plaintiffs are receiving fair compensation under the settlement agreement and that any disparities in settlement amounts do not give rise to concern that any Plaintiff is recovering at the expense of the others. The Court is likewise convinced that the settlement reflects the case's merits and Plaintiffs' likelihood of success at trial.

The Court is also satisfied that the settlement is the result of arms-length negotiation between the parties. The parties participated in multiple settlement conferences with United States Magistrate Judge Barry A. Bryant and subsequently continued to engage in informal settlement discussions with Judge Bryant's assistance. The parties represent that these settlement discussions led to the parties reaching a settlement. Accordingly, the Court finds that the parties' settlement

contains no hallmarks of collusion and that there was no "overreaching" by Defendant during the negotiations.

For the reasons discussed above, the Court finds that the parties' proposed settlement agreement should be approved in its entirety as fair and reasonable. Accordingly, the parties' Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement (ECF No. 80) should be and hereby is **GRANTED**. Plaintiffs' claims against Defendant are hereby **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction over the terms of the settlement agreement.

**IT IS SO ORDERED**, this 31st day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
